904 F.2d 707
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Brenda A. MANNING, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-2176.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1990.
 
 Before MERRITT, Chief Judge, and KRUPANSKY and MILBURN, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 This is an appeal from the District Court's judgment affirming the Secretary's denial of claimant's application for disability benefits under the Social Security Act, 42 U.S.C. Secs. 3301 et seq. For the reasons stated below, we affirm.
 
 I.
 
 2
 The claimant, Brenda Manning, worked for ten years as an automotive assembler. She has a twelfth-grade education. At the time of her hearing on April 12, 1988, before an administrative law judge of the Department of Health and Human Services, she was 46 years old. Ms. Manning left her employment on March 15, 1985, alleging that she was disabled due to arm, hip, and back pain, diabetes, sinus problems, and carpal tunnel syndrome. After the Secretary denied the application, Ms. Manning requested and received a hearing before an administrative law judge, who received a variety of evidence, including testimony from the claimant and a vocational expert.
 
 
 3
 In 1983, prior to her claim for benefits, Ms. Manning underwent surgery for carpal tunnel syndrome. After recovering from surgery, she worked for nine months and then stopped work in September, 1984 because of back problems. She returned to work in March, 1985, but remained there only one week before leaving the job permanently.
 
 
 4
 At her hearing, Ms. Manning testified that because of her hip and lower-back pain, for which she takes medication, she could neither sit nor stand for more than fifteen minutes at a time. A vocational expert at the hearing classified Ms. Manning's assembly work as unskilled and exertionally light. In light of her physical impairments, the vocational expert, in response to a hypothetical posed by the ALJ, testified that the claimant no longer could do her usual assembly work, but could perform sedentary work with a sit-stand option. According to the vocational expert, approximately 7500 such jobs existed in the Detroit area, although that number was reduced by some 20% due to limitations on the types of tools Ms. Manning was able to use after her surgery for carpal tunnel syndrome.
 
 
 5
 Considering the testimony of the vocational expert and treating and consulting physicians, the ALJ ruled that the combination of Ms. Manning's back pain, the aftermath of her surgery for carpal tunnel syndrome, and her diabetes prevented her from performing her past work. She could, however, without vocational adjustment, perform sedentary work and a limited range of light work, such as that found in packaging, sorting, visual inspection, and bench assembly.[1] Accordingly, the ALJ found that Ms. Manning was "not disabled" within the meaning of the Social Security Act.
 
 
 6
 The claimant subsequently filed an action in federal district court for review of the Secretary's decision. After hearing oral argument and considering the magistrate's report and recommendation, District Judge Hackett entered a judgment affirming the Secretary's decision. From that judgment the claimant now appeals.[2]
 
 II.
 
 7
 We evaluate Ms. Manning's claim under the five familiar criteria found in 20 C.F.R. Sec. 404.1520 (1989), which in this case impose on the Secretary the burden of showing that there is substantial work in the national economy which the claimant can perform. Social Security regulations further provide that all symptoms, including pain, be corroborated by objective clinical signs and laboratory findings that can be shown to be the cause of the symptoms. See 20 C.F.R. Secs. 404.1528, 404.1529 (1989). In evaluating subjective complaints of pain, our Court requires first that there is objective medical evidence of an underlying medical condition. If there is such evidence, the Secretary must determine whether the evidence confirms the alleged severity of the pain arising from the condition, or whether the medical condition is severe enough to produce the alleged pain or other functional limitations. See McCormick v. Secretary of Health & Human Servs., 861 F.2d 998, 1003 (6th Cir.1988); Duncan v. Secretary of Health & Human Servs., 801 F.2d 847, 853 (6th Cir.1983).
 
 
 8
 As noted by the magistrate, "the record does establish that there is objective medical evidence confirming the diagnosis of mild osteoarthritis and post carpal tunnel syndrome." Magistrate's Report and Recommendation at 7. The Secretary, the magistrate, and the District Court all agree, however, that the objective medical evidence does not confirm the alleged severity of the pain that Ms. Manning claims to be experiencing. The only objective evidence that the claimant refers to was an x-ray from a physician who failed to submit the x-ray at the hearing as evidence. As a result, the claimant fails to satisfy our requirement referred to above, that is, that the evidence confirms the alleged severity of pain arising from the claimant's condition. Doctors have described Ms. Manning's back pain as mild, and have testified that the surgery for carpal tunnel syndrome has left only slight residual effects. Moreover, no doctor has found Ms. Manning to be disabled; instead, the doctors recommend only that she pursue work that requires low exertional levels. We find no evidence to the contrary in the record.
 
 III.
 
 9
 Accordingly, because substantial evidence supports the Secretary's decision that the plaintiff retains the residual functional capacity to perform a full range of sedentary work, the District Court's order entering summary judgment in favor of the Secretary is affirmed.
 
 
 
 [1]
 We reject the ALJ's suggestion that Ms. Manning could perform protective-services work. Although in so doing we somewhat reduce the number of jobs in the Detroit area that Ms. Marshall could perform, the reduction would not be so significant as to alter the Secretary's conclusion that a significant number of jobs that the claimant could perform exist in the Detroit area
 
 
 [2]
 Pursuant to 28 U.S.C. 636(b)(1)(C), the District Court made a de novo determination of the challenged portions of the magistrate's findings which, in turn, are controlled by 42 U.S.C. Sec. 405(g), requiring that the magistrate consider whether the record as a whole contains substantial evidence to support the Secretary's decision